[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14195

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRIAN JAMES MURPHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:13-cr-00285-KD-C-1

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Brian James Murphy pleaded guilty to two counts of child pornography production in 2014. He received a sentence of 262 months in prison followed by a lifetime of supervised release. Six years later, Murphy thought he saw an opportunity to reduce his sentence in light of the COVID-19 pandemic. So he submitted a motion requesting that the court appoint him counsel to help him file for compassionate release under 18 U.S.C. § 3582. The district court denied his motion, explaining that "there is no constitutional or statutory right to counsel" for § 3582 filings.

Murphy timely appealed. He also filed a motion for compassionate release under § 3582 without the help of a lawyer. The district court denied that motion too, concluding that Murphy presented a danger to the community based on his "long history of sexually abusing children" and his statement in a signed factual resume that he was not likely to stop his behavior.

Murphy did not appeal the denial of his motion for compassionate release, so we review only the order denying his request for counsel. But even when his brief is liberally construed, Murphy makes no argument on appeal that the district court erred in denying that motion. He has therefore abandoned his claim. *See, e.g., United States v. Grimon*, 923 F.3d 1302, 1308 (11th Cir. 2019).[1]

---

[1] Murphy instead appears to argue that the district court erred in denying his motion for compassionate release, despite not having appealed that order. But

20-14195                Opinion of the Court                3

We **AFFIRM** the district court's order.

---

to the extent that his brief may be construed as a notice of appeal of that order, it was not timely.  *See* FED. R. APP. P. 4(b)(1)(A) (requiring that a notice of appeal be filed within 14 days of the entry of the judgment being appealed).